IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    CRIMINAL ACTION NO. 2:09-cr-00222-37

KIRK NORMAN DEAN,

        Defendant.

**ORDER**

Before the Court is Defendant Kirk Norman Dean's *pro se* Motion for Possession of Personal Property [Docket 2389]. In that motion, Defendant argues for the return of certain PMC regalia that was seized from his home at the outset of this case. In response, the Government asserts that the seized items are potential evidence in the Government's case against Defendant should he violate the terms of his pretrial supervision agreement. In addition, the Government contends that, upon final forfeiture of the PMC trademark, title to the mark will vest in the Government, and further that, as owner of the mark, the Government is entitled to any and all items bearing the mark.

The Government is correct that Defendant's seized regalia may become evidence against him should he violate the terms of the pretrial agreement the parties reached in this case. For that reason, the Court declines to order the *immediate* release of Defendant's seized personal property. However, the Court **DIRECTS** the Government to release the personal property at issue upon successful expiration of Defendant's pretrial diversion period.

The Government offers no legal support for its puzzling second argument. The owner of a trademark is entitled to safeguard the goodwill associated with its mark, *see generally* 15 U.S.C. § 1125 (civil liability for false designation or dilution of mark); it is not per se entitled to possession of all tangibles bearing the trademark. The logical extreme of the Government's argument is that Nike would be permitted to confiscate every item of clothing and shoes with its trademark "swoosh," even those already purchased by customers and no longer in the stream of commerce.

In his motion, Defendant also seeks a continuance of the forfeiture pending against co-Defendant David Cremeans's real estate, alleging that an interested party has been overlooked by the Court. The Court is aware of all parties with standing to intervene in that forfeiture, and the party to whom Defendant refers has entered into, and the Court has approved, a settlement agreement with the Government.

For the reasons set forth above, Defendant's Motion for Possession of Personal Property [Docket 2389] is **GRANTED IN PART**, and the Government is instructed to return the seized property upon the satisfactory completion of Defendant's pretrial diversion.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:	December 22, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE